UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WHITING TOWN CENTER 108, LLC,

Plaintiff,

v.

MALLUE MARKETS LLC, et al.,

Defendants.

Civil Action No. 18-13555 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Whiting Town Center 108, LLC's ("Plaintiff") Motion for Summary Judgment. (ECF No. 12.) Plaintiff originally moved for summary judgment against all defendants. (*See* Pl.'s Moving Br., ECF No. 12-9.) Defendants Mallue Markets LLC and Edward P. Mallue (the "Settling Defendants") reached a Settlement with Plaintiff, however, on January 28, 2020. (Pl.'s Correspondence, ECF No. 22; Settlement Order, ECF No. 23.) Because the Settlement resolves all claims between Plaintiff and the Settling Defendants (*see* Settlement Order), the Court deems the pending Motion a Motion for Default Judgment against the remaining defendant—Robert Jackey ("Jackey"). The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiff argues that the Court should enter default judgment against Jackey because Jackey was served on September 13, 2018, and has not yet answered. (Pl.'s Moving Br. 4.) Plaintiff alternatively argues for partial summary judgment. (*Id.* at 5.)

"[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (citation omitted). A district court may,

therefore, deny a motion for default judgment where no default was ever entered. *Id.*; *see, e.g.*, *Nichols v. Sivilli*, 130 F. Supp. 3d 912, 915 (D.N.J. 2015); *Corradi v. Rey*, No. 16-5076, 2019 WL 763598, at *1 (D.N.J. Feb. 21, 2019) (construing a plaintiff's "Request for Summary Judgment" as necessarily a motion for default judgment where the plaintiff's sole basis for judgment was that the defendant never responded).

Here, default judgment against Jackey is inappropriate because the Clerk has not entered default and Plaintiff never requested entry of default by the Clerk. Moreover, Plaintiff provides no authority on the appropriateness of summary judgment against a defaulting defendant.

Accordingly,

**IT IS** on this 19th day of March 2020 **ORDERED** that:

1. Plaintiff's Motion for Default Judgment Against Jackey (ECF. No. 12) is **DENIED**; and

2. Plaintiff's alternative Motion for Summary Judgment is **DENIED**.

_____
**MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE**

2